UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL STAFFING SOLUTIONS,
INC.,

      Plaintiff,

v.                                                                  Case No: 8:20-cv-861-T-36AAS

NATIONAL STAFFING SPECIALISTS,
LLC d/b/a NATIONAL STAFFING
SOLUTIONS,

      Defendant.

_____/

## <u>ORDER</u>

This matter comes before the Court on the parties' Renewed Joint Motion to Transfer Venue.  Doc. 21.  Plaintiff National Staffing Solutions, Inc. ("Plaintiff") and Defendant National Staffing Specialists, LLC ("Defendant") jointly seek transfer of this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Utah.  The Court, having considered the joint motion and being fully advised in the premises, will transfer the case.

## I.      BACKGROUND

Plaintiff sues Defendant in a five-count complaint alleging federal and state law claims for trademark infringement and unfair competition.  (Doc. 1).  The Court's subject matter jurisdiction is invoked because the case involves substantial claims arising under the Lanham Act.  In sum, the Complaint asserts that Plaintiff has rights in the trademark "National Staffing Solutions" and logo, and Defendant has improperly adopted and used an identical mark in connection with the marketing and sale of its services. *Id.*

Plaintiff is alleged to be a Florida corporation and Defendant a Utah limited liability company.  *Id.* ¶¶ 4, 5.  Plaintiff alleges venue is proper in this district because "Defendant conducts

business in this judicial district, including maintaining and operating a website that is accessible to residents of the State of Florida through which it actively advertises and promotes its services to Florida residents, and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district." *Id.* ¶ 3.

On June 25, 2020, Defendant filed a motion to dismiss, or in the alternative, to change venue to the United States District Court for the District of Utah.  Doc. 15.  In its motion, Defendant states its principal place of business is in Sandy, Utah, and denies that it operates or conducts any activity in the State of Florida.  *Id.* at 2.  Defendant further claims it owns no real or personal property in Florida, does not lease or hold a mortgage on property in Florida, maintains no bank accounts in Florida, and does not own any interest in any business in Florida.  *Id.* at 11.  Defendant claims it has no minimum contacts with Florida and argues that operating a website is not enough to subject it to personal jurisdiction in Florida.  *Id.* at 7 (citing *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 735 (11th Cir. 2018) ("merely posting a passive website does not constitute either the solicitation of business in Florida or the transaction of business in Florida for purposes of jurisdictional due process analysis")).

Plaintiff obtained an extension of time to respond, but did not respond to the motion to dismiss, or in the alternative, to transfer venue.  (Docs. 16, 17, 18).  Instead the parties filed the joint motion (Doc. 21) seeking transfer of the case to the District Court in Utah.

## II.    LEGAL STANDARD

A district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  When an action is brought in the wrong venue, a court "shall dismiss [it], or if it be in the interest of justice, transfer such case to any district or division in which it could have

been brought." 28 U.S.C. § 1406(a).

## III.   DISCUSSION

A court must consider two factors to determine whether transferring venue is appropriate: 1) whether the action might have been brought in the venue to which transfer is sought; and 2) whether various factors are satisfied so as to determine if transfer to a more convenient forum is justified. *Thermal Techs., Inc. v. Dade Serv. Corp*., 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003). Under Section 1404(a), a district court has the discretion to grant or deny a motion to transfer. *See In re Ricoh Corp.*, 870 F.2d 570, 573 n.5 (11th Cir. 1989). Such motions are analyzed according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp*., 487 U.S. 22, 29 (1988) (quotation marks and citation omitted).

Factors courts consider in determining the propriety of transfer include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted). The burden is on the movant to establish that the suggested forum is more convenient. *See Ricoh*, 870 F.2d at 573.

The Court is persuaded that this case should be transferred to the District Court in Utah for the convenience of the parties for the following reasons. The parties jointly request the transfer. Plaintiff may have initially filed the case in the District of Utah.  Under 28 U.S.C. § 1400, "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask words or designs may be instituted in the district in which the defendant or his agent

resides or may be found." Here, Defendant and Defendant's agents reside and may be found in Utah. Defendant's principal place of business is in Sandy, Utah.[1] Additionally, Defendant contends it does not have offices in Florida or conduct business activities in Florida. The joint motion acknowledges that the location of witnesses and access to evidence are important factors in the analysis, and the parties agree that Utah is the more convenient forum.

Accordingly, it is

**ORDERED**

1. The parties' Renewed Joint Motion to Transfer Venue (Doc. 21) is **GRANTED**.

2. Defendant's Motion to Dismiss, Or In the Alternative, Motion to Change Venue (Doc. 15) is **DENIED** as moot.

3. This case is hereby **TRANSFERRED** to the United States District Court for the District of Utah, Central Division.

4. The Clerk of Court is directed to immediately transfer this case to the United States District Court for the District of Utah for all further proceedings and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on July 27, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

[1] Sandy, Utah is in Salt Lake County, which is in the Central Division of the District of Utah.